UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kathleen Grady,<br><br>                                Plaintiff,<br><br>            v.<br><br>Wal-Mart Stores, Inc., et al.,<br><br>                                Defendants. | Case No.: 2:13-cv-881-JAD-GWF<br><br>**Order Granting Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment [Doc. 20]** |

Plaintiff Kathleen Grady alleges that she slipped in a puddle of water while shopping at a Wal-Mart store in Las Vegas, Nevada, and she sues Wal-Mart for negligence. Wal-Mart now moves for summary judgment, arguing that Grady—who conducted no discovery and failed to oppose this motion[1]—has no evidence to support her claims. Having considered the merits of Wal-Mart's motion and finding no genuine issue of material fact, the Court grants summary judgment in favor of Wal-Mart.

## Discussion

**A.    Summary Judgment Standards**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter

---

[1] Grady received notice under *Klingele v. Eikenberry,* 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), on February 21, 2013, but—like all mailings to Plaintiff since November 2013—it was returned undeliverable. *See* Docs. 22, 23. Discovery closed November 16, 2013. Doc. 10. Grady deposed no witnesses and propounded no written discovery requests on Wal-Mart. Doc. 21 at 1-2.

of law."[2]  When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[3]  If reasonable minds could differ on the material facts at issue, summary judgment is not appropriate because the purpose of summary judgment is to avoid unnecessary trials when the facts are undisputed.[4]  The Court need only consider properly authenticated, admissible evidence in deciding summary judgment,[5] although it may consider other materials in the record.[6]

Once the moving party satisfies Rule 56 by demonstrating the absence of genuine issues of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[7]  "If a party fails to properly . . . address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[8]  The trial court may not grant an summary judgment motion merely because it is unopposed; the Court must consider whether the merits of the motion warrant entry of judgment against the non-moving party.[9]

**B.  Summary Judgment in Wal-Mart's Favor is Proper Because Plaintiff Has Failed to Offer Any Evidence to Give Rise to a Genuine Issue of Fact Regarding Wal-Mart's Notice of the Puddle.**

A plaintiff alleging a negligence claim in Nevada must establish four elements: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4)

---

[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[3] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[4] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[5] *Orr v. Bank of Am.*, 285 F.3d 764, 773-74 (9th Cir. 2002).

[6] Fed. R. Civ. Proc. 56(c)(3).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[8] *Id.*

[9] Grady's counsel withdrew in November 2013 citing a breakdown in the attorney-client relationship. Docs. 16, 17. Where summary judgment is sought against a *pro se* defendant like Grady, the Court must also consider all of her contentions offered in motions and pleadings if made on personal knowledge and under penalty of perjury. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (citation omitted).  There are, however, no documents in this record that qualify for such treatment and consideration.

damages."[10]  A store owner owes patrons a duty to use reasonable and ordinary care in keeping his or her premises safe for customers[11] and breaches that duty when a plaintiff can demonstrate actual or constructive notice of a hazardous condition.[12]  The mere presence of a foreign substance on the ground of a business owner's premises does not, by itself, establish the owner's notice; the question is how long that substance was on the ground, and who put it there.[13]  "Negligence is never presumed but must be established by substantial evidence."[14]

Grady alleges that she was injured at approximately 8:45 p.m. when, while shopping at a Wal-Mart store in Las Vegas, Nevada, she slipped on a puddle of water that had accumulated under a display of flowers and plants.  Docs. 1-2 at 3; 20-2 at 2.  She theorizes that Wal-Mart was negligent because this dangerous condition was within its control, and Wal-Mart's employees should have either remedied or warned of it.  *Id.*  Wal-Mart offers evidence of its safety protocol and practices and points to the absence of evidence that the store and its employees knew or should have known of the puddle such that their failure to remediate it subjects Wal-Mart to liability for Grady's injuries.  Doc. 20.

It is undisputed that Wal-Mart is a business open to the general public, obligating it to exercise reasonable and ordinary care in maintaining its premises in a reasonably safe condition for use.[15]  Wal-Mart's evidence establishes that it knew of this obligation and discharged its safety duties.  The affidavits of Wal-Mart employees Melvin Enriquez and Annalisa Monroy establish that a "walk-off" was customarily conducted in an "action alley" area (like the one where Plaintiff claims she fell) between 7 p.m. and 8 p.m.  Doc. 20-2 at 2.  It involved "looking for any potential hazards, inspecting the store for safety, and pointing

---

[10] *Sanchez v. Wal–Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).

[11] *Early v. N.L.V. Casino Corp.*, 678 P.2d 683, 684 (Nev. 1984); *see Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993).

[12] *Sprague*, 849 P.2d at 322.

[13] *Id.* at 322-23.

[14] *Gunlock v. New Frontier Hotel*, 370 P.2d 682, 684 (Nev. 1962).

[15] *Basile v. Union Plaza Hotel & Casino*, 887 P.2d 273, 275 (Nev. 1994) (citations omitted).

3

out areas that needed to be addressed by the night crew." *Id.* If any hazards were detected during the walk-off, they would have been immediately corrected. *Id.* at 3. These affidavits further establish that on the date of the accident Wal-Mart employees conducted "continuous and ongoing safety sweeps" for potential hazards, and employees were required to clean up spills that they observed. *Id.* In the event an observed spill was too large for one employee to clean, that employee was instructed to guard the spill area until another employee could assist in clean-up. *Id.* On an average day, a Wal-Mart employee would have inspected the spill site at approximately 7:00 p.m. Doc. 20-3 at 2.

This undisputed evidence gives rise to the inference that Wal-Mart had safety policies and procedures in place—and followed these policies and procedures—that would have ensured that the water was not on the floor for long enough for Wal-Mart to be on notice of it. Doc. 20.[16] Grady's accident, which occurred at 8:45 p.m., would have been preceded by a "safety sweep" between 7 and 8 p.m. Thus, it can be inferred that the puddle was only on the floor for a short period of time—too short for Wal-Mart to be on notice or constructive notice of the hazard.

Wal-Mart has satisfied its burden of providing competent summary judgment evidence that Grady has failed to establish a *prima facie* case of negligence. While the Court must construe all reasonable doubts and inferences in Grady's favor, Grady has essentially rested on her unsworn pleadings, offering no evidence for the Court to consider, leaving this Court with only Wal-Mart's undisputed evidence that the store and its employees lacked notice or constructive notice of the puddle. With no genuine issue of fact as to this essential element, the Court grants the motion for summary judgment in favor of Wal-Mart.

---

[16] The Court relies on Wal-Mart's affidavits of Melvin Enriquez (Doc. 20-2 at 2) and Annalisa Monroy (Doc. 20-3 at 3), both of which are properly authenticated and based on person knowledge. The Grady deposition excerpts are not properly authenticated, *see Orr*, 285 F.3d at 774, and are not considered.

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Doc. 20] is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Wal-Mart and against the Plaintiff and close this case.

Dated: July 21, 2014.

JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE